UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| SANDRA VIRGIL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-1970-JCM-CWH |
| | ) | |
| vs. | ) | **REPORT AND** |
| | ) | **RECOMMENDATIONS AND** |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| STATE OF NEVADA, *et al.*, | ) | Application to Proceed *In Forma* |
| | ) | *Pauperis* (#1) and Screening of |
| Defendants. | ) | Complaint |
| | ) | |

This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (#1), filed on December 8, 2011, and Addendum (#2), filed on December 9, 2011. Plaintiff also filed a Letter to the Court (#3) on January 5, 2012.

I.   **Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Virgil's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

II.   **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, the facts alleged in the complaint are completely incomprehensible. 18 U.S.C. § 1915(d) gives the court the power to dismiss "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). The court cannot decipher any logical set of facts based on Plaintiff's submission. The court concludes that this case is frivolous because it lacks an arguable basis in law and fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be unlikely; however, a complaint must allege facts "to state a claim that is plausible on its face." *Bell Atl. Com. v. Twombly*, 550 U.S. 544, 570 (2007). Because Plaintiff's complaint does not set forth a plausible claim, it is recommended that it be dismissed with prejudice. Because allegations of other facts would not cure it, Plaintiff is not entitled to an opportunity to amend the complaint.

Regardless, in Plaintiff's letter to the court she voluntarily dismissed her application to proceed *in forma pauperis* and her complaint when she expressly instructed the court to "close case" and provided the case number of this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that Plaintiff's Addendum and Exhibit (#2) shall remain sealed due to personal identifiers contained within the documents.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1-1) be **dismissed with prejudice** because Plaintiff voluntarily dismissed this complaint and has also failed to state a claim.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 10th day of January, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge