UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANDRA VIRGIL,<br><br>          Plaintiff,<br><br>v.<br><br>STATE OF NEVADA,<br><br>          Defendant. | 2:11-CV-1970 JCM (CWH) |

**ORDER**

Presently before the court is the matter of *Virgil v. State of Nevada, et. al.*, case number 2:11-cv-1970-JCM-CWH.

On January 30, 2012, this court entered an order affirming Magistrate Judge Hoffman's report and recommendation, which recommended that the instant case be dismissed with prejudice because *pro se* plaintiff Sandra Virgil voluntarily dismissed the complaint and had failed to state a claim. (Doc. #7). The clerk entered judgment on the same day. (Doc. #8). Although the clerk sent a copy of the order on the report and recommendation to plaintiff's address of record, the mail was returned as undeliverable on February 9, 2012. (Doc. #9).

Plaintiff filed a notice of appeal on May 7, 2012, several months after final judgment was entered in this case. (Doc. #10). On June 18, 2012, the Ninth Circuit entered an order stating that plaintiff's notice of appeal was filed more than 30 days after entry of final judgment. (Doc. #15). The order further noted that the notice of appeal "contains what could be construed as a timely request to open the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6)." (Doc.

**James C. Mahan**
**U.S. District Judge**

1  #15). Thus, the Ninth Circuit remanded the appeal to this court "for the limited purpose of
2  considering appellant's May 7, 2012 request." (Doc. #15).
3      Pursuant to Federal Rule of Appellate Procedure 4(a)(6), the district court may reopen the
4  time to file an appeal only if all of the following conditions are satisfied:

5      (A) the court finds that the moving party did not receive notice under Federal Rule
6      of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

7      (B) the motion is filed within 180 days after the judgment or order is entered or
8      within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

9      (C) the court finds that no party would be prejudiced.

10 FED. R. APP. P. 4(a)(6).

11     After interpreting the instant *pro se* papers liberally, *Eldridge v. Block*, 832 F.2d 1132, 1137
12 (9th Cir. 1987), the court finds that plaintiff has satisfied all three conditions in this case. First,
13 plaintiff asserts that she was required to move from her last address due to harassment and that she
14 did not return until May 5, 2012. Plaintiff's copy of the final judgment was returned as undeliverable
15 on February 9, 2012. (Doc. #9). Thus, plaintiff did not receive notice of the final judgment within
16 21 days of entry of the order. Second, the instant motion to reopen time to file an appeal was filed
17 within 180 days of entry of the judgment. Third, no party will be prejudiced by reopening time
18 because plaintiff never served the defendants and they have not appeared in this matter.

19     Accordingly,

20     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Sandra
21 Virgil's motion to reopen time to file appeal (doc. #10) be, and the same hereby is, GRANTED.

22     IT IS FURTHER ORDERED that the clerk of court shall serve a copy of this decision on the
23 Ninth Circuit.

24     DATED June 21, 2012.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 2 -